

601 Montgomery Street, Suite 2000
San Francisco, CA 94111

Direct 415-800-0591
mlewis@lewisllewellyn.com

www.lewisllewellyn.com

September 11, 2024

**VIA ECF**

The Honorable Judge Haywood S. Gilliam, Jr.
United States District Court
Oakland Courthouse, Courtroom 2 – 4th Floor
1301 Clay Street
Oakland, CA 94612

    Re:    *Albert Richards v. Centripetal Networks, LLC et al.* **(Case No. 4:24-cv-001065-HSG) – Request to Take Motion Hearing Off Calendar**

Dear Hon. Judge Gilliam:

    I write concerning the Motion to Dismiss hearing currently set for September 19, 2024, at 2:00 pm. Plaintiff Albert Richards ("Richards") respectfully requests that the Court take the hearing off calendar, as the Motions to Dismiss in question have been mooted by the First Amended Complaint, filed 8/16/24 (Docket No. 60-1) ("FAC").

    Richards filed his Complaint in this action (often referred to as "*Richards II*") on February 21, 2024. All Defendants opted to file a Motion to Dismiss under Federal Rule of Civil Procedure 12, rather than a responsive pleading. The parties jointly negotiated, and then stipulated, to a proposed schedule for filing those motions. *See* Stipulation, filed 6/3/24 (Docket No. 41). The Court modified that slightly and entered a scheduling order on June 3, 2024 (Docket No. 43).

    At every stage, Richards intentionally reserved the right to amend his Complaint as of right, pursuant to FRCP 15. A "plaintiff may amend his complaint once, as of right, any time prior to the filing of responsive pleadings. … [A] motion to dismiss the complaint is not a responsive pleading." *Miles v. Dep't of Army,* 881 F.2d 777, 781 (9th Cir.1989), *citing* Fed.R.Civ.P. 15(a) (additional citations omitted). *See also Amerault v. Intelcom Support Servs., Inc.*, 16 F. App'x 724, 726 (9th Cir. 2001) (plaintiff had the right to amend his complaint while motions to dismiss pending); *Mack v. Ona*, No. CIV-S-05-2134 MCE CMKP, 2009 WL 1405937, at *1 (E.D. Cal. May 19, 2009) (no leave of Court required to file amended complaint when motion to dismiss was pending, and no answer had been filed). For that reason, both the stipulation and the Court's order gave Richards until August 16, 2024 to file "oppositions ***or other responses***" to the anticipated Motions to Dismiss. Docket No. 43, p. 1 (emphasis added).

    Richards timely filed the FAC on August 16, 2024. The pending Motions to Dismiss, for which the September 19, 2024 hearing was set, are therefore moot. Indeed Richards has now dismissed ***all*** claims against several defendants, as the Federal Rules envision. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683 (9th Cir. 2005) (dropping a defendant in an amended pleading operates as a dismissal without prejudice pursuant to FRCP 15).

In sum: the Houlihan Lokey defendants have been voluntarily dismissed, based on their affidavit stating that the valuation used in the squeeze-out merger was prepared for an entirely different use. The Motions to Dismiss filed by former individual defendants Cristobal Conde (Docket No. 50), William Crowell (included in Docket No. 51), and Joseph Addiego (also included in Docket No. 51) are moot because those parties have also been dismissed from the FAC. The motions to dismiss filed by Centripetal and the Rogers Defendants (Docket No. 48), Ocean Tomo (Docket No. 49), and the Alsop Louie Defendants (the remainder of Docket No. 51) are moot because the FAC supersedes the Complaint to which those motions are directed. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), *quoting Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted).

The Court should disregard Defendants' purported "replies" (Docket Nos. 68-69) in support of their motions, because Richards did not make any argument in opposition to those motions. Instead he amended his Complaint, as of right.

For the above reasons, the Court should take the September 19, 2024 hearing off calendar and set a schedule for Defendants to move to dismiss, or answer, the FAC.

                              Respectfully Submitted,

                              Marc R. Lewis
                              Kenneth M. Walczak
                              Peter C. Squeri
                              Daniel Jordan

                              Attorneys for Plaintiff
                              ALBERT RICHARDS