MARC R. LEWIS (State Bar No. 233306)
KENNETH M. WALCZAK (State Bar No. 247389)
PETER C. SQUERI (State Bar No. 286249)
DANIEL JORDAN (State Bar No. 313543)
LEWIS & LLEWELLYN LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel.: (415) 800-0590
Fax: (415) 390-2127
Email:  kwalczak@lewisllewellyn.com
        mlewis@lewisllewellyn.com
        psqueri@lewisllewellyn.com
        djordan@lewisllewellyn.com

*Attorneys for Plaintiff*
ALBERT RICHARDS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ALBERT RICHARDS,<br><br>             Plaintiff,<br><br>      v.<br><br>CENTRIPETAL NETWORKS, LLC, f/k/a CENTRIPETAL NETWORKS, INC.; CNI HOLDINGS, INC.; ALSOP LOUIE MANAGEMENT LLC; ALSOP LOUIE CAPITAL 2, L.P.; ALSOP LOUIE PARTNERS 2, LLC; OCEAN TOMO LLC; STEVEN ROGERS; JONATHAN ROGERS; and JOHN DOES 1-10,<br><br>             Defendants. | Case No.: 4:24-cv-01065-HSG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Hearing Date:   November 7, 2024<br>Time:           2:00 pm<br>Courtroom:      2 – 4th Floor<br>Judge:          Hon. Haywood S. Gilliam, Jr.<br><br>No Trial Date Assigned |

## INTRODUCTION

Federal Rule of Civil Procedure 15 allows plaintiffs to respond to a motion to dismiss by amending their complaint. "The point of Rule 15(a)(1) is to allow a plaintiff to 'amend[ ] to meet the arguments in the motion' without having to fully litigate the motion." *Crawford v. Kaiser Found. Health Plan*, 395 F.Supp.3d 1279, 1294 (N.D. Cal. 2019) ("*Crawford*"), *citing* Advisory Committee's Note to 2009 Amendment, Fed. R. Civ. P. 15.

That is what happened here. Plaintiff Albert Richards ("Richards") filed suit, and the Defendants moved to dismiss. By stipulation approved by the Court on June 3, 2024 (Docket No. 43), the parties agreed that Richards could "file his oppositions or other responses no later than August 16, 2024." That stipulation, and the Court's order, preserved Richards's right to respond by amending under Rule 15(a)(1), *i.e.*, amending "as a matter of course" or amending "as of right." Within the agreed time, Richards filed his First Amended Complaint (Docket No. 60-1) ("FAC"). That filing superseded and nullified the original Complaint and mooted the Motions to Dismiss.

Defendants now contend that, by agreeing to an extension of Richards's time to file an opposition or other response, they did not agree he could amend his complaint. It is true that the parties did not expressly discuss the fact that Richards might amend as of right. But the rules make that clear. Indeed, Rule 15(a)(1) amendment is the only obvious "other response" to a motion to dismiss. (Richards did not negotiate an extension of time to *concede* to the Defendants' motions.) The only two filings Richards had to make under any deadline were oppositions or an amendment as of right. By extending the time for oppositions "or other responses," Defendants plainly agreed to extend the time to amend under Rule 15(a)(1). Their new argument that "other responses" could mean moving for leave to amend (as opposed to amending as of right) is disingenuous; Rule 15(a)(2) provides for a party to do that "in all other cases," *i.e.*, at any time. Richards did not need to stipulate to a date by which he would seek leave under that subsection.

Despite the above, and despite a lengthy meet and confer, Defendants still refuse to stipulate to an amendment. As the Court observed, courts in this Circuit grant leave to amend with extreme liberality. Refining a party's claims and allegations, as Richards has in the FAC, is valuable to all

parties and to the Court. It streamlines litigation and facilitates discovery—especially here, when no discovery has yet been taken and Richards has gone to great lengths to dismiss individual defendants and narrow his claims.

Defendants cannot carry their burden to overcome the presumption in favor of amendment. They cannot establish that amendment prejudices them, especially because no trial date or discovery cutoff has been set. And far from establishing "futility," Defendants' substantive arguments are misplaced in the context of leave to amend. They belong in a challenge to the FAC itself, under either Rule 12 or Rule 56. Counsel offered to stipulate to a briefing schedule for a Rule 12 motion, but Defendants declined.

The Court should either confirm that Richards properly amended as of right, under Rule 15(a)(1), or alternatively, grant leave to amend under Rule 15(a)(2).

### PROCEDURAL HISTORY

Richards filed his Complaint in this action (often referred to as "*Richards II*") on February 21, 2024. Discovery has not commenced, because of the automatic stay imposed by the Private Securities Litigation Reform Act. *See* Joint Case Management Statement, filed 5/21/24 (Docket No. 37).

On June 24, 2024, all Defendants moved to dismiss the original Complaint under Rule 12(b)(6). Docket Nos. 48-51. The parties jointly negotiated and stipulated to a proposed schedule. *See* Stipulation, filed 6/3/24 (Docket No. 41). The Court modified the parties' proposal slightly and entered an order concerning motions to dismiss on June 3, 2024 (Docket No. 43).

That schedule allowed Richards to amend his Complaint pursuant to Rule 15(a)(1). The June 3, 2024 order modifies the 21-day period otherwise set by that Rule, and gave Richards until August 16, 2024 to file "oppositions *or other responses*" to the anticipated Motions to Dismiss. Docket No. 43, p. 1 (emphasis added). Richards insisted on including that language as a condition of stipulating, to retain his right to amend his Complaint. *See* Declaration of Daniel Jordan filed herewith ("Jordan Decl."), ¶¶ 4-6 & Exh. 1. Counsel for Defendants never proposed that Richards waive his right to amend his complaint, and no language of that type was ever proposed for the stipulation. *Id.* ¶ 8. Richards never would have waived such a fundamental right in this early stage of the proceedings. Nor

1  is there any other credible meaning of "other responses" that were subject to any deadline, besides
2  amendment as of right, under Rule 15(a)(1).

3  Richards timely filed the FAC on August 16, 2024.  Docket No. 60-1.  Based on Defendants'
4  prior assertions that some of allegations might contain confidential information, Richards placed a
5  redacted version of the FAC on the public docket and lodged the unredacted FAC conditionally under
6  seal.  Pursuant to the protocol set by Local Rule 79-5(f), he filed an Administrative Motion to
7  Consider Whether Another Party's Material Should Be Sealed.[1]  Docket No. 60.

8  Defendants acknowledged the amended complaint filing.  They requested email service of the
9  unredacted version of the FAC, Jordan Decl. ¶ 9 & Exh. 2, and sought additional time to file their
10 motion to seal, to which Plaintiff stipulated.  *See* Docket Nos. 62, 64.

11 Defendants did ***not*** answer the FAC, move to dismiss the FAC, or seek additional time beyond
12 the 14 days provided by Rule 15(a)(3).  Instead, on September 10, 2024 (ten days after the Rule 15
13 deadline), they filed "Replies" in support of their now-mooted Motions to Dismiss the original
14 Complaint.  Docket No. 68-69.  On September 12, 2024, the Court ordered the parties to "meet and
15 confer in diligent good faith no later than September 17, 2024 to determine whether they can agree to
16 the filing of an amended complaint, taking into account the well-established liberal standard in the
17 Ninth Circuit favoring leave to amend."  Docket No. 73.

18 Plaintiff's counsel met and conferred with counsel for Centripetal, the Rogers Defendants, and
19 Ocean Tomo by Zoom call on September 16, 2024.  Jordan Decl. ¶ 10.  We met and conferred with
20 counsel for the remaining defendants by email.  *Id.* ¶ 12 & Exh. 3.  Mindful of the Court's directive,
21 we did not mention Defendants' default to counsel for Centripetal, but offered to stipulate to a
22 reasonable briefing schedule on any motions to dismiss the FAC, taking into account the parties'
23 respective schedules.  *Id*. ¶ 10.  Defendants' counsel asked if Richards would agree to pay the fees

---

[1] Defendants have insinuated that the FAC was improperly filed, because Richards used the Local Rule 79-5 process to lodge the unredacted text under seal, placing only the redacted version on the public docket until Defendants could file an appropriate motion.  There is no merit to those insinuations, and Defendants have not explained why they object to the use of the Local Rule process.

incurred in bringing their motions to dismiss, and refused to agree to leave to amend. *Id*. ¶ 11. By email, counsel for the remaining Defendants likewise refused. *Id*. ¶ 12 & Exh. 3.

Plaintiff therefore reluctantly files this motion.

**ARGUMENT**

**I.   COURTS IN THIS CIRCUIT ALLOW AMENDMENT OF PLEADINGS "WITH EXTREME LIBERALITY."**

Rule 15(a)(1) expressly gives plaintiffs the right to amend once without leave of court. For amendment after that, under Rule 15(a)(2), "leave shall be freely given when justice so requires" and "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("*Eminence*"). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 1052, *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants must overcome a presumption in favor of leave to amend. "The party who opposes amendment bears the burden of demonstrating the prejudice." *FNS, Inc. v. Bowerman Trucking, Inc.*, No. 09-CV-866, 2009 WL 3762678, *2 (S.D. Cal. Nov. 9, 2009), *citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("*DCD Programs*"). This is consistent with the "public policy [that] strongly encourages courts to permit amendments." *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008).

**II.   RICHARDS TIMELY FILED THE FAC AS OF RIGHT, UNDER RULE 15(a)(1).**

The parties expressly extended by stipulation the time for Richards to file oppositions "or other responses" to the motions to dismiss. Plaintiff's counsel added the "or other responses" language to the parties' stipulation specifically to preserve his right to amend once without seeking leave. Jordan Decl. ¶ 6. This proposal was drafted based on instances in which federal courts had characterized amended complaints as "responses" to motions to dismiss, in accordance with the principles behind Rule 15. *See, e.g., Jackson v. Merscorp, Inc.*, No. 1:12-CV-1205, 2013 WL 12190523, at *1

4
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 4:24-CV-01065-HSG

1  (M.D.N.C. May 20, 2013) ("Plaintiffs thereafter filed their Amended Complaint on March 7, 2013, as
2  the response to the Motion to Dismiss."); *Zimmerman v. SkyWest Airlines, Inc.*, No. 3:22-CV-45, 2022
3  WL 1597719, at *1 (D.N.D. May 19, 2022) ("Zimmerman, in compliance with Rule 15(a)(1)(B), filed
4  an amended complaint in response to SkyWest's motion to dismiss …"); *DeMeo v. Koenigsmann*, No.
5  10 CIV. 7099 HBP, 2012 WL 4470908, at *1 n.1 (S.D.N.Y. Sept. 26, 2012) ("Rule 15 was amended in
6  2009 and now provides that a plaintiff may amend his complaint as a matter of right in response to a
7  pre-answer motion to dismiss") .

8      Defendants now insist that they did not agree to extend the time to amend. But they offer no
9  other reasonable interpretation of "other responses" that would be subject to a deadline. They have
10 argued that "other responses" could mean a motion for leave to amend under Rule 15(a)(2), *see*
11 Docket No. 68 p. 4, but offer no explanation of why he would need an extension of time to do that,
12 given that Rule 15(a)(2) has **no deadline**. Plaintiffs may seek such leave at any time, after the
13 deadline to amend as of right has passed.

14     In other words, Richards requested the additional time so that he could do what Rule 15
15 contemplates. Richards has diligently pursued his investigation into the facts and the details of his
16 allegations. As he has learned more, his claims have evolved. For example, on May 21, 2024,
17 Richards voluntarily agreed to dismiss without prejudice his claims and allegations against former
18 defendant Houlihan Lokey, after the company affirmed in writing that its valuation was prepared for
19 an entirely different use, not in connection with the merger at the heart of Plaintiff's claims. *See*
20 Docket No. 38. On June 3, 2024, Richards voluntarily dismissed Centripetal CFO Paul Barkworth as
21 an individual defendant. Docket No. 42.

22     Defendants' counsel sought voluntary dismissal of Ocean Tomo and and Cristobal Conde prior
23 to filing their motions to dismiss, but Richards decided that he could not make a decision on those
24 requests, or amend his complaint to "meet the[ir] aguments[,]" until he reviewed their Rule 12
25 motions. *Crawford*, 395 F.Supp.3d at 1294. After reviewing the Motions to Dismiss, Richards
26 decided to retain Ocean Tomo as a defendant, but to refine his allegations concerning that entity. But
27 he was able to drop all claims and allegations against Conde, as well as all claims and allegations

28

5
MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 4:24-CV-01065-HSG

against William Crowell, Gilman Louie, and Joseph Addiego. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683 (9th Cir. 2005) (dropping a defendant in an amended pleading operates as a dismissal without prejudice under Rule 15). The FAC also trims and hones the background information pertaining to Centripetal's financial condition and accounting practices and refines Plaintiff's allegations pertaining to the core merger transaction and his damages. It is a significantly different document than the original Complaint.

This sequence occurred just as the law intends. "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Rule 15, Advisory Committee Notes to 2009 Amendment. Here, the FAC obviates any need to decide the arguments made by Conde (Docket No. 50), Crowell (Docket No. 51), and Addiego (also Docket No. 51). The FAC also drops the original claims for violations of Corporations Code § 25403 and Business and Professions Code § 17200, adds a claim for violations of Delaware General Corporations Law Sections 232 and 251, and specifies the actionable misstatements and omissions by Defendants in the Fourth, Fifth, Eighth, and Ninth Claims for Relief. *See* FAC, ¶¶ 157, 159, 169, 171, 209, 211, 221, 223.

The Court should construe the parties' stipulation consistent with its plain—and indeed the only reasonable—meaning: "other responses" means a response other than an opposition to the motion that would otherwise be subject to an earlier deadline. The only such other response is amendment as of right. If Defendants had some secret other intention when they agreed to Richards' counsel's request to amend the stipulation from "oppositions" to "oppositions or other responses," they never shared it. *See* Jordan Decl. ¶ 8. Given this plain language and sensible construction, Richards's First Amended Complaint was timely under Rule 15(a)(1) as extended by stipulation and order.

Because Richards complied with the Court's order and with Rule 15(a), the FAC supersedes the original Complaint and moots the motions to dismiss. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("*Ramirez*"), *quoting Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted); *see Crawford*, 395 F.Supp.3d at 1294 (Defendants were

wrong to rely on the lack of opposition to their motion to dismiss Plaintiff's original complaint, where Plaintiff "timely filed a First Amended Complaint as a matter of course to address the defendants' motion to dismiss her original complaint, as Rule 15 contemplated.").

*Ramirez,* where the Ninth Circuit reversed the Central District's decision to grant a motion to dismiss as "unopposed," is directly on point:

> What outcome, then, results when a timely filed Second Amended Complaint coincides with an unopposed motion to dismiss? It is well-established in our circuit that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." In other words, "the original pleading no longer performs any function...." Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.
>
> We understand that discrete procedural mechanisms converged in this case—the stipulation which resulted in the First Amended Complaint, the motion to dismiss, the proffered Second Amended Complaint, and the lack of opposition to the motion to dismiss. However, we find that the district court erred in its interpretation of the interplay between Rule 15 and Local Rule 7–12, which deems the lack of opposition as consent to the granting of the motion. The district court erred in permitting a local rule to trump the governing federal rule. The application of Local Rule 7–12 resulted in the dismissal of the Plaintiff's case and the concomitant denial of leave to amend, all without considering the legal import of the Second Amended Complaint. This deprived the Plaintiff of his right to file an amended complaint under Rule 15. If in conflict, the Local Rule must yield to the federal rule, here Rule 15. … We therefore reverse the district court's grant of the motion to dismiss.

806 F.3d at 1008, *quoting Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 927–28 (2012) *and citing Valadez–Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir.2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992); *and Colgrove v. Battin*, 413 U.S. 149, 161 n. 18 (1973).

### III. ALTERNATIVELY, RICHARDS SHOULD BE GRANTED LEAVE TO AMEND UNDER RULE 15(a)(2).

Even if the parties somehow had different understandings of the stipulation, and the Court finds that the Rule 15(a)(1) period was not extended, Richards's understanding and his associated actions were wholly reasonable. In that circumstance, the Court should grant leave to amend under Rule 15(a)(2).

Allowing Richards to file his First Amended Complaint—which he indisputably could have done earlier if the parties had not worked together on a coordinated briefing schedule—in no way prejudices Defendants. The minor delay in the course of this case is not prejudice; indeed, no discovery cutoff or trial dates have been set. (As a result of the PSLRA stay, no discovery has even been conducted.) "Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that [Defendants] would be prejudiced by the timing of the proposed amendment." *DCD Programs*, 833 F.2d at 187–88. *See also GTE Mobilnet of California Ltd. P'ship v. City of Berkeley*, No. 20-CV-05460-DMR, 2021 WL 308605, at *7 (N.D. Cal. Jan. 29, 2021) (Defendant could not establish prejudice sufficient to justify denying leave to amend, where Defendants was on notice of all of the facts alleged, the proposed amendments "do not add any appreciable complexity to the existing case[,]" and the "case is at an early stage."); *Brown v. Cnty. of Solano*, No. 2:21-CV-01045-KJM-AC, 2022 WL 2292237, at *1 (E.D. Cal. June 24, 2022) (even new claims against new defendants impose only "minimal" prejudice "when the case 'is still at the discovery stage with no trial date pending'") (citation omitted); *KFD Enterprises, Inc. v. City of Eureka*, No. C-08-4571 MMC, 2011 WL 198147, at *1 (N.D. Cal. Jan. 20, 2011) ("there is no assertion of prejudice by reason of any delay. Indeed, discovery is ongoing and no trial date has been set.") (citation omitted); *Nangle v. Penske Logistics, LLC*, No. 3:11-cv- 00807 CAB BLM, 2016 WL 9503736, at *2 (S.D. Cal. July 20, 2016) ("The authorized delay will have little impact on the length of the judicial proceedings since no trial date had been set and motion practice is still ongoing.").

In their purported "reply" filings, and in the parties' meet and confer sessions, Defendants have argued that amending Richards's Complaint is "futile" because his claims lack merit. *See* Docket No.

68, pp. 8-12; Jordan Decl. Exh. 3.  That argument does not belong here.  "These arguments are more appropriately raised in a separate motion and are not properly before the court on an opposition to a motion for leave to amend." *Chacon v. Express Fashion Operations, LLC*, No. 8:19-CV-00564 JLS DFM, 2019 WL 13240611, at *1 (C.D. Cal. Nov. 14, 2019), *citing Portney v. CIBA Vision Corp.*, No. SA CV 07854 AGM LGX, 2008 WL 11340330, at *2 (C.D. Cal. May 15, 2008) ("[T]he legal sufficiency of an amended pleading is 'more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.'"), *quoting SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002).

This Court should not address any arguments about the adequacy of the amended complaint without full briefing.  Plaintiff offered to stipulate to a briefing schedule wherein Defendants could make their merits arguments in the proper place—a Rule 12 motion.  Jordan Decl. ¶ 10.  They declined.  *Id*. ¶ 11.  "A futility argument presents a particularly high burden for a defendant to meet because 'a plaintiff who alleges a colorable claim satisfies the federal pleading standard.' … Applying this more lenient standard and considering the court's mandate to grant leave to amend with 'extreme liberality,' the Court finds that the amendment is not futile." *Sieler v. Atieva Inc.*, No. 22-CV-00063-NC, 2022 WL 21840853, at *2 (N.D. Cal. May 17, 2022), *quoting Desoto Cab Co. v. Uber Techs.*, Case No. 4:16-cv-06385-JSW, 2019 WL 12872947 at *2, 2019 U.S. Dist. LEXIS 240643 at *6 (N.D. Cal. Aug. 13, 2019), *and citing DCD Programs*, 833 F.2d at 188 (additional citation omitted).  To the extent the Court believes that the sufficiency of the allegations in the FAC are relevant to whether to allow the amendment, the Court should direct substantive briefing on that issue.  Indeed, even if the Court were to strike the FAC and grant the motion to dismiss the original Complaint, it should do so with leave to amend.  Dismissing this action without providing Richards with leave to amend, or even a chance to address any of Defendants' substantive arguments, would be an abuse of discretion. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008).

Thus, in the event the Court finds that the FAC was untimely under Rule 15(a)(1), it should grant Richards leave to file it under Rule 15(a)(2).  For the same reasons, there is no basis for the award of fees that Defendants seek.  *See* Docket No. 68, p. 12.  Nor is there merit to Defendants'

additional request for reimbursement of the fees expended by Cristobal Conde in preparing a motion to dismiss. As noted above, Rule 15 protects Plaintiff's right to test the allegations in his complaint by reference to an official motion to dismiss. And Mr. Conde had the same counsel as Centripetal, who recycled the same basic arguments regarding, *e.g.*, specificity of misstatements and scienter, for Mr. Conde's motion. *Compare* Docket No. 48, pp. 5-13, *with* Docket No. 50, pp. 2-3.

## CONCLUSION

Public policy favors cases being decided on their merits, and a dispute between the parties about the meaning of a routine scheduling stipulation should not be used to avoid such a decision. Dismissal of Richards's claims without leave to amend would be no more fair than granting default judgment against Defendants for failing to respond on time to the FAC (if the Court finds it properly filed). Neither the parties nor the Court should spend time on extreme litigation positions attempting to take advantage of one side's purported misunderstanding of a deadline.

The Court should interpret the June 3, 2024 order to allow an amended complaint as a "response" to the motions to dismiss, and confirm that the FAC was properly filed and is the operative complaint. In doing so, Richards has no objection to the Court resetting Defendants' deadlines to respond to that complaint as if it was filed on the date of the Court's order. Alternatively, the Court should grant leave to amend pursuant to Rule 15(a)(2), and permit Richards to re-file the FAC.

Dated: September 19, 2024

Respectfully Submitted,

LEWIS & LLEWELLYN LLP

By: _____
Marc R. Lewis
Kenneth M. Walczak
Peter C. Squeri
Daniel Jordan

Attorneys for Plaintiff
ALBERT RICHARDS