UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT RICHARDS,

               Plaintiff,

     v.

CENTRIPETAL NETWORKS, INC., et al.,

               Defendants.

Case No.  24-cv-01065-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**

Re: Dkt. No. 76

Pending before the Court is a motion for leave to amend the complaint filed by Plaintiff Albert Richards.  Dkt. No. 76.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion.

## I.    MOTION FOR LEAVE TO AMEND

Plaintiff initially filed this securities action on February 21, 2024.  Dkt. No. 1.  Anticipating that Defendants would file motions to dismiss, in June the parties filed a stipulation proposing revised page limits and deadlines for the motions.  *See* Dkt. No. 41.  As relevant here, the stipulation requested that "Plaintiff shall file his oppositions *or other responses* no later than August 23, 2024."  *See id.* at 1 (emphasis added).  The Court slightly modified the deadline to August 16, but otherwise granted the stipulation as provided by the parties.  Dkt. No. 43.

On June 24, 2024, Defendants moved to dismiss the complaint.  Dkt. Nos. 48–51.  On August 16, rather than file an opposition to the motions, Plaintiff filed an amended complaint provisionally under seal.  *See* Dkt. No. 60-1, Ex. A ("FAC").  Despite the amended complaint, Defendants still filed "replies" in support of their motions to dismiss.  *See* Dkt. Nos. 68, 69.  The Court ordered the parties to "meet and confer in diligent good faith . . . to determine whether they

1
2

[could] agree to the filing of an amended complaint, taking into account the well-established liberal standard in the Ninth Circuit favoring leave to amend." Dkt. No. 73.

3
4
5
6
7
8
9
10
11
12

The parties were not able to reach an agreement and dispute the meaning of their own stipulation. Plaintiff therefore filed a motion for leave to amend the complaint. Dkt. No. 76. Plaintiff contends that the parties' stipulation extended his deadline to either oppose the motions to dismiss or amend the complaint as of right under Federal Rule of Civil Procedure 15(a)(1). *See generally* Dkt. No. 76. Plaintiff urges that amending the complaint as of right is the "other response[]" contemplated by the parties' stipulation. *Id.* Defendants, in turn, urge that the parties did not extend Plaintiff's Rule 15(a)(1) deadline, that deadline was July 15, 2024, and Plaintiff therefore had to seek leave to amend the complaint. *See* Dkt. Nos. 79, 80. Defendants also assert that the Court should deny leave to amend, arguing primarily that amendment would be futile. *See id.*

13

### A. Legal Standard

14
15
16
17
18
19
20
21
22
23
24
25
26
27

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Under Federal Rule of Civil Procedure 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). When considering whether to grant leave to amend, the court considers several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

28

//

United States District Court
Northern District of California

United States District Court
Northern District of California

### B.    Discussion

The parties should have been able to resolve this issue on their own.  Under either Rule 15(a)(1) or Rule 15(a)(2), the Court finds that Plaintiff may amend the complaint.  The most reasonable interpretation of the parties' agreement is that Plaintiff left open the opportunity to amend his complaint as of right under Rule 15(a)(1) by the August 16 deadline.  Plaintiff would not have needed to enter into a stipulation to extend the deadline to file a motion for leave to amend under Rule 15(a)(2) because that rule has no deadline.  But even if the Court considered the motion for leave to amend under Rule 15(a)(2), this case remains in its early stages:  discovery has not yet begun and no trial dates have been set yet.  Defendants' suggestion that they somehow have been prejudiced is thus not well taken.  Although Plaintiff filed an earlier case, *Richards v. Centripetal Networks, Inc.*, 23-cv-00145-HSG, which remains pending, this is the first time Plaintiff has sought to amend the complaint in this case.  And the Court declines Defendants' invitation to convert the motion to amend into a motion to dismiss.  Defendants will have the opportunity to file a motion to dismiss in response to the FAC and the Court will consider their arguments about the sufficiency of the FAC in due course based on what it actually says.  Under the circumstances, the Court **GRANTS** the motion for leave to amend.  Dkt. No. 76.

## II.    MOTIONS TO SEAL

As noted above, Plaintiff filed the FAC provisionally under seal, assuming that Defendants would wish some portions of the FAC to be sealed.  *See* Dkt. No. 60; *see also* Civil L.R. 79-5(f).  Defendants, in turn, responded that narrower portions of the FAC should be sealed.  Dkt. No. 65.

### A.    Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

United States District Court
Northern District of California

4

**B.    Discussion**

Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions to seal.  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").  As the Civil Local Rules make clear, "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal."  *See* Civil L.R. 79-5(e).

Here, Defendants have argued that portions of the complaint "contain critical confidential business and financial information of Centripetal and concerning Mr. Jonathan Rogers and Mr. Steven Rogers."  Dkt. No. 65 at 1.  Specifically, Defendants contend that certain paragraphs contain (1) confidential financial information about Defendants Jonathan and Steven Rogers' ownership in Centripetal that would allow someone "to extrapolate current financial information" about them; and (2) confidential financial information about Centripetal, including "judgment preservation insurance policies" and possible damages from patent litigation, that could be used by competitors "to replicate the company's business practices" or "as an admission concerning damages in other pending litigation."  *See* Dkt. No. 65-1 at ¶¶ 4–5.  The Court is not persuaded that such concerns meet the compelling reasons standard here.  The information that Defendants seek to redact speaks directly to Plaintiff's allegations that the merger—and the valuations of and proffered consideration for his preferred shares—was unfair.  Such information is therefore integral to the public's understanding of the case.  The Court **DENIES** the motions to seal.  Dkt. Nos. 60, 65.

### III.    CONCLUSION

Accordingly, the Court **GRANTS** the motion for leave to amend the complaint.  Dkt. No. 76.  The Court **DENIES** the administrative motions to seal the amended complaint.  Dkt. Nos. 60, 65.  Plaintiff is **DIRECTED** to file an unredacted version of the amended complaint as a separate

United States District Court
Northern District of California

docket entry by November 4, 2024.  Defendants' motions to dismiss are **TERMINATED AS MOOT** in light of the FAC.  Dkt. Nos. 48, 49, 50, 51.  Defendants shall file their responses to the amended complaint by November 25, 2024.

     **IT IS SO ORDERED.**

Dated:   10/31/2024

                           HAYWOOD S. GILLIAM, JR.
United States District Judge